UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-20295-CR-SEITZ/O'SULLIVAN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RAUL RAMIREZ,

    Defendant.
_____/

## ORDER

THIS MATTER is before the Court on a referral from the District Court on May 24, 2010. See Order of Reference to Magistrate Judge (DE# 182, 5/24/10). The defendant is charged by indictment in the Southern District of Florida with conspiracy to commit health care fraud in violation of section 1349, United States Code, Title 18, twelve counts of health care fraud in violation of section 1347, United States Code, Title 18 and three counts of money laundering in violation of section 1957, United States Code, Title 18. See Indictment (DE# 3, 4/10/09). On June 16, 2010, the Court held a competency hearing. Dr. Cristina Nodar Miller testified at this hearing.

## LEGAL STANDARD

The Court is required to hold a competency hearing "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). "The legal test for competency is whether the defendant had 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and whether he had 'a rational as well as factual understanding of the proceedings against him.'" United States v. Cruz, 805 F.2d 1464, 1479 (11th Cir.

1986) (quoting <u>Dusky v. United States</u>, 362 U.S. 402, 402 (1960)).

It is unclear which party has the burden of proof under 18 U.S.C. § 4241. Section 4241 provides that either party "may file a motion for a hearing to determine the mental competency of the defendant," 18 U.S.C. § 4241(a), but does not state which party has the burden of proof. In <u>United States v. Makris</u>, 535 F.2d 899, 906 (5th Cir. 1976),[1] the former Fifth Circuit stated that "[t]here can be no question that in federal criminal cases the government has the burden of proving defendant competent to stand trial at the § 4244[2] hearing or its <u>nunc pro tunc</u> substitute." However, in <u>United States v. Izquierdo</u>, 448 F.3d 1269, 1276 (11th Cir. 2006), the Eleventh Circuit stated in <u>dicta</u> that "the relevant competency statute [18 U.S.C. § 4241] arguably contemplates that the burden will lie with the party making a motion to determine competency." <u>Izquierdo</u> distinguished <u>Makris</u> because it was based on section 4244 and because <u>Makris</u> involved the government's pretrial motion to determine the competency of the defendant. <u>Izquierdo</u> held that the district court did not err in placing the burden of proof on the defendant where the defendant sought to withdraw his guilty plea based on incompetency. <u>Id.</u> at 1278. Based on the narrow holding of <u>Izquierdo</u> and because <u>Izquierdo</u> did not overrule <u>Makris</u>, the undersigned will place the burden of proof on the government. The undersigned notes that in the instant case, placing the burden of proof on the government does not affect the outcome of these proceedings.

## DISCUSSION

**1. The Defendant Has a Rational as Well as Factual Understanding of the Proceedings Against Him**

---

[1] The Eleventh Circuit in <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1207 (11th Cir. 1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

[2] "In 1984, 18 U.S.C. § 4244 was replaced by 18 U.S.C. § 4241." <u>United States v. Izquierdo</u>, 448 F.3d 1269, 1278, n. 8 (11th Cir. 2006).

2

Under the first prong, the defendant must be able to understand the nature and consequences of the proceedings against him. The defendant satisfies this prong. Dr. Miller determined that the defendant could provide assistance to his attorney in his own defense if properly motivated. In his evaluation with Dr. Miller, the defendant was able to identify the charges against him and provide a sequential narrative leading to the pending allegations against him. The defendant was able to identify his attorney, his attorney's role, the role of the judge and the prosecutor. The defendant appeared aware of the implications of a plea and the possible penalties he could face if he were found guilty. The Court finds that the defendant has a rational as well as factual understanding of the proceedings against him.

## 2. The Defendant has Sufficient Present Ability to Consult with His Lawyer with a Reasonable Degree of Rational Understanding

The undersigned concludes that the defendant has sufficient present ability to consult with his lawyer within a reasonable degree of rational understanding.[3] The undersigned relies on Dr. Miller's testimony that the defendant appears to have the capacity to assist properly toward his defense if motivated to do so. Dr. Miller diagnosed the defendant with adult antisocial behavior and malingering. Dr. Miller's malingering diagnosis was supported by the defendant's test scores and the defendant's observable behavior at the Federal Detention Center during his interview with Dr. Miller which suggested an exaggeration or fabrication of memory and psychiatric problems. Dr. Miller concluded that the defendant appeared to be exaggerating his reported problems due to his perception that he might avoid entirely, or receive diminished repercussions

---

[3] The defendant presented the testimony of his civil attorney, Luis Rivera. Mr. Rivera testified that the defendant appeared to have memory problems and an inability to organize his thoughts. However, when Dr. Miller interviewed the defendant she did not observe any evidence of disorientation or confusion. Additionally, objective tests administered to the defendant convinced Dr. Miller that the defendant was malingering.

3

for his alleged criminal behavior. Based on the testimony of Dr. Miller, the undersigned finds that the defendant is competent and able to properly assist in his defense.

## CONCLUSION

Based on the evidence, the Court finds that the defendant is competent to proceed to trial. The Court credits Dr. Miller's testimony that the defendant appears to have the capacity to assist towards his defense and a reasonable rational understanding of the proceedings in this case. Accordingly, the undersigned finds that the defendant is competent to stand trial as provided in 18 U.S.C. § 4241.

DONE AND ORDERED, in Chambers, at Miami, Florida, this **17th** day of June, 2010.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
United States District Judge Seitz
All Counsel of Record