UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-20295-CR-SEITZ

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

RAUL S. RAMIREZ,

        Defendant.
_____/

## ORDER DENYING AS MOOT OBJECTIONS TO ORDER DENYING, WITHOUT PREJUDICE, DEFENDANT'S THIRD AMENDED MOTION FOR REDUCTION AND/OR MODIFICATION OF BOND

THIS MATTER is before the Court on Defendant's Response Objecting to the Order Denying Defendant's Third Amended Motion for Reduction and/or Modification of Bond ("Objections") (DE-172), which the Court treats as an appeal of Magistrate Judge Simonton's order denying reduction and/or modification of bond (DE-171). The instant Objections mark Defendant's fourth request to modify or reduce bond further. In addition to the detention hearing held on April 9, 2009 (DE-7),[1] the Magistrate Judge held two additional hearings on motions to reduce or modify bond on July 7, 2009 and August 20, 2009 (DE-39; DE-45). After the July 7, 2009 and August 20, 2009 bond hearings, the Magistrate Judge reduced the bond to a $150,000.00 corporate surety bond, with a Nebbia condition, and a $200,000.00 personal surety bond to be co-

---

[1] At the initial detention hearing, the Magistrate Judge denied the government's request that Defendant be held in pretrial detention based on his risk of flight because she determined that, based on what appeared to be extensive ties to the community and the ability of Defendant to post a high corporate surety bond, "there were conditions which could be set to reasonably assure his appearance at trial." (DE-89, Order Denying, Without Prejudice, Second Amended Motion for Reduction and/or Modification of Bond at p. 2.) Accordingly, the Magistrate Judge set a $300,000.00 corporate surety bond, with a Nebbia condition, and a $100,000.00 personal surety bond. Subsequent to the detention hearing, Defendant filed a Motion for the Reduction and/or Modification of Bond (DE-41).

1

signed by Defendant's wife and daughter, as well as other persons who, collectively, owned property worth $200,000.00 and who provided affidavits which established the sufficient value of such assets. Subsequently, Defendant filed his Second Amended Motion for Reduction and/or Modification of Bond (DE-81). After carefully reviewing Defendant's Second Amended Motion, the evidence proffered by the government, and the evidence and proffers made at all three bond hearings, the Magistrate Judge determined that both the amount and type of the bond previously set were necessary to reasonably assure the presence of Defendant (Order Denying Second Amended Motion for Reduction and/Modification of Bond (DE-89) at p. 7.)[2] Defendant then filed his Third Amended Motion for Reduction and/or Modification of Bond (DE-116). The Magistrate Judge again denied Defendant's request for a further reduction and/or modification of bond because: (1) Defendant continued to pose a risk of flight unless he was subjected to significant financial conditions of release, and (2) the Magistrate Judge was still unsatisfied that the property being used to secure the corporate surety bond was worth the amount of that bond (DE-171).

The Court has considered the Order appealed, the prior Order cited therein (DE-89), the pertinent portions of the record, including the Objections, the Government's Response to Defendant's Objections (DE-195), and the transcripts of the bond hearings held on April 9, 2009, July 7, 2009, and August 20, 2009 (DE-240-42). In light of Defendant's recent conviction, the Objections to the Magistrate Judge's Order denying a reduction and/or modification of bond are moot. Nonetheless, even if Defendant was not convicted, the Court concludes that the Magistrate Judge's thorough findings of fact were not clearly erroneous, but in fact, amply supported by the

---

[2]Specifically, the Magistrate Judge noted that "the Second Amended Motion does not establish the existence of the required co-signers on the requested reduction of the personal surety aspect of the bond to $100,000.00, and does not identify property worth $100,000.00 to satisfy the requested reduction of the corporate surety bond. A mere statement that the bondsman is satisfied *is not* sufficient." (Order Denying Second Amended Motion for Reduction and/or Modification of Bond at pp. 8-9) (emphasis added).

record, and that her legal conclusions correctly applied the law.

As an initial matter, while Defendant's Objections to the Magistrate Judge's May 12, 2010 Order were filed on May 17, 2010, the Court did not receive copies of the transcripts from the April 9, 2009, July 7, 2009, and August 20, 2009 bond hearings until July 13, 2010. Therefore, because Defendant's trial began on June 21, 2010, the first opportunity the Court had to review Defendant's Objections was during the trial. On July 21, 2010, however, Defendant was convicted on all 16 counts of the Indictment (DE-252). Thus, in light of Defendant's recent conviction, Defendant's Objections to the Magistrate Judge's Order are moot.[3]

Secondly, however, even if Defendant was not convicted, the Magistrate Judge's Order denying a reduction or modification of bond was proper. It is well settled in the Eleventh Circuit that a court may impose financial conditions of release on a defendant, even if a defendant is unable to meet such conditions, if the court finds that it is reasonably necessary to insure the defendant's presence. *United States v. McConnell*, 779 F.2d 583, 585 (11th Cir. 1985). The Magistrate Judge set forth a multitude of facts supporting the need for "a significant corporate surety bond, combined with a significant personal surety bond co-signed by family members and/or members of the community with sufficient assets" in order to insure Defendant's presence, including the following: (1) the evidence against Defendant was substantial, (2) Defendant was facing a significant period of incarceration if convicted, (3) Defendant was not a citizen of the

---

[3]Because the Bail Reform Act of 1984, 18 U.S.C. § 3142(f) only requires that the Court hold a detention hearing "immediately upon the person's first appearance," and because Defendant did have such a hearing on April 9, 2009 [DE-240], the Court's review of Defendant's objections and request for another hearing are timely. However, the Court notes that even if it did not comply with the requisite timing requirement, a "contrary interpretation–that noncompliance with the time provisions in § 3142(f) requires the release even of a person who presumptively should be detained under § 3142(e)–would defeat the purpose of the Act." *United States v. Montalvo-Murillo*, 495 U.S. 711, 717 (1990) (further noting that "[t]here is no presumption or general rule that for every duty imposed upon the court . . . there must exist some corollary punitive sanction for departures or omissions, even if negligent").

3

United States, and there was an outstanding order of removal based on a prior conviction, (4) Defendant had significant ties to Cuba, and (5) Defendant was self-employed at the time of his arrest, in a business that had little to no value. (Order Denying, Without Prejudice, Second Amended Motion for Reduction and/or Modification of Bond at p. 8; Order Denying Third Motion for Reduction and/or Modification of Bond at pp. 14-15.) Additionally, the Magistrate Judge stated that "the Court is not satisfied that the property being used to secure the corporate surety bond is worth the amount of that bond[.]" (*Id.* at p. 2.) Therefore, this Court agrees with the Magistrate Judge that "the least restrictive means necessary for this purpose [of securing Defendant's presence] . . . [were] imposed on the Defendant." (*Id.* at p. 14.)[4] Accordingly, this Court, on *de novo* review, finds that even if Defendant was not convicted, the denial of reduction or modification of bond was proper. However, because Defendant was ultimately convicted, it is, therefore,

ORDERED that the Defendant's Appeal of the Magistrate Judge's Order Denying, Without Prejudice, Defendant's Third Amended Motion for Reduction and/or Modification of Bond (DE-172) is DENIED AS MOOT.

DONE AND ORDERED in Miami, Florida, this 29 day of July, 2010.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record
Magistrate Judge Simonton

---

[4] Furthermore, the Defendant's position that he is a third party secured creditor and/or a sovereign (DE-162, DE-165), indicates that Defendant does not recognize the Court's jurisdiction, and thus, is a greater risk of flight.

4