UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-20295-CR-SEITZ

UNITED STATES OF AMERICA,

Plaintiff,

vs.

RAUL S. RAMIREZ,

Defendant.
_____/

## ORDER DENYING MOTION FOR NEW TRIAL, RENEWED MOTIONS TO DISMISS INDICTMENT AND JUDGMENT OF ACQUITTAL

THIS MATER is before the Court on Defendant Ramirez's timely motion for new trial, and renewed motions to dismiss the indictment and for judgment of acquittal. [DE-260]. The Defendant's five page motion asserts fourteen grounds for granting the motion. The Government opposes the motion. [DE-287]. Having considered the motion, the response, the record in this case including the trial testimony and exhibits, and the relevant legal authorities, the Court will deny the motion for the reasons discussed below.

Legal Standards

Because the Defendant's motion is titled as three separate motions in one, it is necessary to set out the three standards that apply to each motion. First, although the decision to grant or deny a new trial motion under Rule 33 of the Federal Rules of Criminal Procedure is one within the sound discretion of the trial court, that broad discretion has limits. Such motions should be granted sparingly, and with caution in only the really exceptional case. In examining a motion for new trial, a court must

-1-

find that the evidence preponderates heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand. *United States v. Martinez*, 763 F.2d 1297, 1312 (11th Cir. 1985). In considering a post-trial motion for judgment of acquittal, a district court must determine whether, viewing all the evidence in the light most favorable to the government and drawing all reasonable inferences and credibility choices in favor of the jury's verdict, a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt. *United States v. Williams*, 390 F.3d 1319, 1323 (11th Cir. 2004).

Finally, the renewed motion to dismiss the indictment appears to be a motion for reconsideration of the Court's denial of the original motion. [DE-115]. Such motions, which require a showing of manifest injustice, are disfavored. They are only appropriate where "the Court has patently misunderstood a party, or has made a decision outside of the adversarial issues presented to the Court by the parties, or has made an error not of reasoning, but of apprehension...Such problems rarely arise and the motion to reconsider should be equally rare." *See Delaware Valley Floral Group, Inc. v. Shaw Rose Nets, LLC*, 597 F.3d 1374, 1383 (11th Cir. 2010). A motion for reconsideration should not be used as a vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made. *Id.*

Factual Background

On July 21, 2010, the jury found the Defendant guilty of one count of conspiracy to commit health care fraud, 12 counts of health care fraud and three counts of money laundering. The jury also returned a forfeiture verdict in the amount of $980,688.54. The evidence showed that between February 2004 and April 2005, the Defendant used his clinic, RA Medical Center, to bill Medicare $24 million for expensive HIV related treatments such as "WinRho," "Carimune" and "Fuzeon," which were not

-2-

given and not medically necessary.  Medicare paid the Defendant approximately $7 million.[1]  The Government's response, at pages 2 through 15, and 18 through 20, provides a summary of highlights of the evidence presented in the four-week trial.

Discussion

The fourteen grounds in Defendant's motion can be categorized under five headings:  (A) the claim, without any specifics, that the verdict is contrary to the manifest weight of the evidence and the law (Grounds 1, 2 and 3); (B) Error in denying Defendant's motion to dismiss the indictment for pretrial delay (Grounds 4, 5, 6, and 7); (C) Erroneous evidentiary rulings (Grounds 8, 9, 10, 11, and 12); (D) Prejudicial publicity (Ground 13); and (E) Error in denying the motion for judgment of acquittal (Ground 14).

(i)  Headings (A) and (E) (New Trial and Judgement of Acquittal)

Having heard all the testimony and reviewed all the exhibits presented, the Court finds that granting a new trial would be an abuse of discretion because the evidence did not preponderate heavily against the verdict.  In fact, the evidence was very substantial and supported the verdict.  Likewise, in considering the renewed motion for judgment of acquittal, in viewing all the evidence in the light most favorable to the Government and drawing all reasonable inference and credibility choices in favor of the verdict, the Court finds a reasonable trier of fact could find the evidence established the Defendant's guilt beyond a reasonable doubt.  Specifically, the Government's evidence demonstrated beyond a reasonable doubt that the Defendant knowingly and willfully executed a scheme to obtain money from Medicare for medical services and items which were not provided.  The evidence also showed beyond a reasonable doubt that the Defendant knowingly and intentionally participated, in fact directed the

---

[1]A civil forfeiture proceeding that predated the indictment recouped $4.8 million of this amount.

participation of others, in the scheme to defraud Medicare through creating false files and billing Medicare for HIV-related treatments such as "WinRho," "Carimune" and "Fuzeon" for individuals who did not need these treatments and in fact did not receive them. Finally, the evidence established beyond a reasonable doubt that the Defendant knowingly engaged in monetary transactions using $5 million in funds he derived from the Medicare fraud.

    *(ii)  Heading (B) (Motion to Dismiss Indictment)*

The Order denying the Motion to Dismiss the Indictment [DE-115] addressed Defendant's argument that the four-year delay in the indictment's return and the failure to combine the civil forfeiture proceeding with the criminal case prejudiced him by depleting his finances, and depriving him of the exculpatory testimony due to the death of Dr. Barata, the disappearance of unidentified witnesses and the deterioration of his own memory due to a March, 2006 car accident in which he suffered minor injuries. The renewed motion adds four additional claims. First, Defendant asserts that he was suffering from severe depression and was diagnosed with the need for immediate surgery for cancer during the trial which made it apparent to his counsel that he could not testify at trial. Also, he claims that the deaths of patient, Elmer Rouse, apparently in January, 2010, and of the physician who treated him for his 2006 car accident and the fact that two of his witnesses, Roxie Beauford and Beatriz Hernandez, could not recall details of their activities because of the passage of time, also prejudiced him.

The Government's response covers the new claims and underscores the fact that the Defendant's renewed motion overlooks several points. First, the case was originally set for trial in June of 2009. However, the Defendant filed repeated motions to continue the trial and the case was ultimately tried on his timetable. Additionally, during the Defendant's case, the Court spoke with him about his right to testify yet he stated under oath that he understood his right yet he was making the decision not to

-4-

testify knowing that he could not later complain about his choice. At no time did the Defendant mention that his cancer diagnosis was an issue in either the continued progress of the trial or his ability to take the stand.[2] Furthermore, the Defendant underwent a psychological evaluation and was found both competent to assist in his trial and malingering in his claims of mental difficulties. Moreover, throughout the trial, the Defendant was actively engaged in providing input to his counsel.

The Defendant has the burden to establish both prongs of the test for a dismissal of the indictment for pre-indictment delay. Even with his new assertions, the Defendant does not meet his burden to show that any prejudice he may have suffered was the result of the Government's intentional effort to gain an advantage over him. *United States v. Foxman,* 87 F.3d 1220, 1224 n.4 (11th Cir. 1996); *United States v. Thomas,* 62 F.3d 132, 1339 (11th Cir. 1995), *cert. denied,* 516 U.S. 1166 (1996)(55 month delay due to investigation not grounds for dismissal). Therefore, his renewed motion to dismiss the indictment must also be denied.

(iii)  *Heading (C) (Evidentiary Rulings)*

Decisions regarding the admissibility of trial evidence are within the sound discretion of the trial court and are reviewed only for abuse of discretion. *United States v. Massey,* 89 F.3d 1433, 1441 (11th Cir. 1996). The Government's response succinctly discusses the relevant facts as to the admitted and excluded evidence including the reasons why the Defendant's objections were overruled and why Dr. Zaslow's treatment records from Defendant's 2006 car accident were not admitted. Therefore, the Court will not revisit those rulings here.

(iv)  *Heading (D) (Publicity)*

---

[2]The Defendant was never reluctant to bring to the Court's attention any other matter that concerned him such as his need for a Kosher diet and his concerns as to how he was being treated by the marshals. In fact, it was only through the marshals that the Court became aware that trial had to be recessed early one day so that the Defendant could see his surgeon.

Defendant never brought to the Court's attention at any time during the trial, much less on the Monday before deliberations, any issue regarding "extensive" publicity and arrests either about his case or other persons' cases. The motion itself fails to specify anything about the publicity about which the Defendant is concerned. It is a party's responsibility to bring all issues believed to affect the fairness of the trial to the Court's attention so that they can be confronted and ruled upon. Failure to do so forfeits this as an issue to attack the fairness of the trial. Moreover, the Court instructed the jury in opening instructions that they should not look at any media that might pertain to the case and that they had to decide the case based solely on the evidence presented in the courtroom. The Court repeated this latter instruction both orally and in the written copies of the instructions that were provided to each member of the jury. The Court assumes the jury followed its instructions.

<u>Conclusion</u>

For the reasons discussed above, the Defendant has not established that he is entitled to a new trial, or a renewed post-trial judgment of acquittal. Additionally, the new facts that he raises on his renewed motion to dismiss the indictment do not satisfy the burden he failed to meet on his initial motion to dismiss the indictment. Therefore, it is

ORDERED that the Defendant's Motion for New Trial, Renewed Motion to Dismiss Indictment and Renewed Motion for Judgment of Acquittal [DE-260] are DENIED.

DONE and ORDERED in Miami, Florida this _15_ day of September, 2010.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record

-6-